UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES D. COPELAND, | ) | CASE NO. 5:09 CV1730 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JOHN POTTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Charles D. Copeland filed the above-captioned *in forma pauperis* complaint against United States Postal Service ("U.S.P.S.") Postmaster General John Potter, U.S.P.S. Supervisor Mark Snyder, and American Postal Workers Union, Local 120. Copeland characterizes his pleading as a "Writ of Mandamus" and alleges fraud, violations of E.L.M. [Employee and Labor Relations Manual] sections 650/665.2, 18 U.S.C. § 1001, his right to due process, and retaliation for "Case 09-864 appeal number 09-3741." He seeks unspecified damages "for the defamation as outlined, . . . proper medical treatment . . . my normal pay with damages until I am well witch [sic] could take 10 years . . . [removal of] all letters of discipline . . . because on none of them did they follow proper procedures of disiplinary [sic] procedure under 650 further the prosecutors office should investigate this FRAUD how much company money is wated [sic]." (Compl. at 91.)

**Background**

The three pages which Copeland refers to as "the Complaint" contain a series of statements and allegations without reference to any relevant dates. The resultant accusations include: Copeland

being fired as a union steward without explanation; the firing of all black union stewards; retaliation for "complaints filed to members of congress and helping fellow employees who are handicapped" when the APWU "refused" to file grievances on their behalf; retaliation for previously filing a federal lawsuit;[1] and suspension without "a hearing, with a judge, transcripts . . . and witnesses." (Compl. at 2.)

Attached to the complaint is a July 1, 2009 letter from U.S.P.S. Supervisor Mark Snyder and Concurring Official Felton Miller wherein Copeland is notified of a 14-day suspension. The letter states, in part:

> The reason for this action is:
>
> UNSATISFACTORY WORK PERFORMANCE
>
> On, May 14, 2009, you were absent from your work area without permission. On a separate occasion, you were observed by Supervisor Mark Snyder sleeping at your work station. On 6-2-09, Supervisor Mark Snyder observed you sleeping on two occasions, and woke you both times. On 6-16-09, Supervisor Mark Snyder observed you sleeping again at approximately 0200, and woke you up. Also on this date, you were again absent from your unit without permission.
> * * *
> You have a right to appeal this Letter of Suspension under the grievance/arbitration procedure set forth in Article 15 of the National Agreement within fourteen (14) days of your receipt of this letter. <u>If a timely grievance is filed prior to the effective date of this suspension, and it is timely appealed to Step 2, the suspension will</u>

---

[1] This is presumably a reference to *Copeland v. Potter*, No. 5:09 CV0864 (N.D. Ohio filed Apr. 15, 2009)(Lioi, J.) Judge Lioi dismissed the complaint on June 2, 2009, without prejudice, after Copeland failed to comply with her order to amend his Application to Proceed *in forma pauperis* within 30 days. He appealed the court's dismissal on June 17, 2009. The appeal is pending in the Sixth Circuit.

<u>not be served until after the Step 2 decision has been rendered.</u>[2]

(Letter from Snyder to Copeland of 7/1/09 at 1-2)(emphasis in original). There is no indication Copeland exercised his right to appeal. Instead, he complains he was not provided sufficient advance notice of the charges. He believes his Pre-disciplinary hearing should not have been held the same day the suspension notice was sent. Moreover, he claims section 650 of the ELM provides U.S.P.S. employees "a hearing, with a judge, transcripts . . . and witnesses." (Compl. at 2.)

**Standard of Review**

Even though *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

---

[2] The letter indicated that the following three prior incidents involving Copeland were taken into consideration in reaching a decision:

– 7 day suspension, 4-6-09, unsatisfactory work performance

– Letter of Warning, 1-20-09, failure to maintain work schedule

– Letter of Warning, 9-12-08, failure to maintain work schedule.

[3] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

### Writ of Mandamus

The writ of mandamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978). "'The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it. It lies only when there is practically no other remedy.'" *In re NLO, Inc.*, 5 F.3d 154, 156 (6th Cir.1993) (quoting *Helstoski v. Meanor*, 442 U.S. 500, 505 (1979)). It is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616-17(1984) (citations omitted). In applying this rule the Sixth Circuit has held:

> The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should [be] issue[d]. Accordingly, jurisdiction to entertain a petition for its issuance cannot exist unless the plaintiff colorably demonstrates either that he has exhausted all other avenues of relief, or that further exhaustion should be excused.

*Slone v. Secretary of Health and Human Serv*s., 825 F.2d 1081, 1083 (6th Cir.1987) (internal quotations and citations omitted).

As noted above, there is no allegation or inference that can be drawn to show that Copeland exhausted his administrative remedies under Article 15 of the National Agreement, remedies detailed by the named defendants in the above-quoted letter. Thus, any claims for mandamus relief are dismissed, without prejudice, for failure to exhaust administrative remedies.

### Equal Employment Opportunity Commission Exhaustion

"The right to bring an action under Title VII regarding equal employment [opportunity] in the federal government is predicated upon the timely exhaustion of administrative remedies, as set

forth in [the EEOC regulations]." *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir.1991). Failure to timely seek EEO counseling is grounds for dismissal of the discrimination claims. *Id.* at 612.

In the ninety-one pages submitted by Copeland, there is no mention of any E.E.O.C. complaint filed regarding a claim of retaliation. Thus, at a minimum, Copeland's retaliation claims are dismissed for failing to exhaust administrative remedies. That fact notwithstanding, Copeland's retaliation claim lacks merit as a matter of law.

**Retaliation**

Title VII prohibits retaliation against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" in connection with an allegedly unlawful employment practice. 42 U.S.C. § 2000e-3(a). Under the applicable federal framework, the "anti-retaliation provision [of Title VII] protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006).

Under the anti-retaliation provision, individuals are not protected from all retaliation. It is only from retaliation that produces an injury or harm which the statute addresses. In that regard, the Supreme Court has noted that Title VII does not set forth "a general civility code for the American workplace." *Oncale v. Sundowner Offshore Srvs., Inc.*, 523 U.S. 75, 80 (1998). Thus, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, "which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *See Schramm v. LaHood*, 318 Fed. Appx. 337, 345 (6th Cir. 2009) (quoting *Burlington Northern*, 548 U.S. at 68).

Copeland alleges he was retaliated against for helping other employees file grievances and for filing a civil action in this court. The only protected act this court can identify with any certainty is Case No. 5:09 CV0864, which he filed in this court on April 15, 2009. He claims this resulted in his July 1, 2009 suspension wherein he was denied 'advance notice' before he was notified he had the right to appeal. This claim, however, fails to address the fact he had a right to appeal the decision before any suspension went into effect. Moreover, it is very difficult to fully decipher Copeland's allegations regarding this issue; for example, he states:

> since the lawsuit was filed no complaints are now being resolved at the POST OFFICE they are being sent out to step 3 in which it could take years to resolve meanwhile they keep the crap going and before the years out I,ll most likely be fired behind another lie that will not be resolved here locally but sent out to a step 3 in which I will never hear or no if its resolved of cource there would be a hearing or trial at step one in which MARK SNYDER would present his wittnesses and there would be a transscript of the hearing and determination by a judge funny in E.E.O. they seem to have no problem having a person come in to try to negotiate a settlement, but MARK SNYDER decided to skip all that I CHARLES D COPELAND HAVE NO RIGHTS I SHOULD BE GUILTY OF CRIMES because that is what I,m charged with is a crime based upon the word of MARK SNYDER of course in a real court it wouldn,t stand because its HEARSAY conduct is a criminal charge. (Sic throughout)

(Compl. at 19-20.) It appears Copeland is assuming the adverse act was not his proposed suspension, but the fact he was not provided a "pre-notice" hearing before his right to appeal commenced. By any measure, this is not an injury for which this court's intervention is warranted. The facts clearly state Copeland had a remedy before any suspension was imposed. Why he chose not to avail himself of that remedy is not a matter before this Court, but his failure to do so precludes any claim of retaliation, as the claimed injury, lack of a "pre-notice" hearing, is not a materially adverse injury or harm.

**Conclusion**

Accordingly, Copeland's Motion to Proceed *in forma pauperis* is granted and this action is DISMISSED under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

Dated: December 31, 2009      /s/ John R. Adams
                              JOHN R. ADAMS
                              UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."